IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARIE ORTEGA,                        :
                                     :
       Plaintiff,                :
                                     :   CIVIL ACTION FILE
v.                                 :
                                   :   NO. 1:09-CV-2520-CAM-WEJ
FINANCIAL ASSET MANAGEMENT   :
SYSTEMS, INC., a Georgia corporation,   :
                                     :
       Defendant.            :
_____:

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.     This is an action for damages against the defendant for violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 <u>et seq.</u>

**SUBJECT MATTER JURISDICTION**

2.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3.     Plaintiff is a resident of this State, District and Division and is authorized by

law to bring this action.

4.     Defendant, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., is a

corporation organized under the laws of the State of Georgia.  [Hereinafter,

said Defendant is referred to as "FAMS"].

5.     FAMS is subject to the jurisdiction and venue of this Court.

6.     FAMS may be served by personal service upon its registered agent in the

State of Georgia, to wit: Melanie Norvell, 200 Ashford Center North, Suite

500, Atlanta, Georgia 30338.

7.     Alternatively, FAMS may be served by personal or substitute service

pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws

of the State of Georgia.

## FACTS COMMON TO ALL CAUSES

8.     FAMS uses the mails in its business.

9.     FAMS uses telephone communications in its business.

10.    The principle purpose of FAMS's business is the collection of debts.

- 2 -

11.     FAMS regularly collects or attempts to collect debts owed or due, or
        asserted to be owed or due, another.

12.     FAMS is a debt collector subject to the provisions of the Fair Debt
        Collection Practices Act.

13.     In the course of attempting to collect a debt allegedly due from Plaintiff to a
        business not a party to this litigation, FAMS communicated with Plaintiff in
        a manner which violated the Federal Fair Debt Collection Practices Act.

14.     In 2009, FAMS left a series of one or more telephone messages for Plaintiff
        requesting a return call.

15.     In the messages, FAMS did not meaningfully disclose its identity.

16.     In the messages, FAMS did not state that the communications were from a
        debt collector.

17.     In the messages, FAMS did not state that the communications were an
        attempt to collect a debt.

18.     Defendant's communications violate the Fair Debt Collection Practices Act.

19.     Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

20.    The acts of Defendant constitute violations of the Fair Debt Collection

Practices Act.

21.    Defendant's violations of the FDCPA include, but are not limited to, the

following:

22.        The placement of telephone calls without meaningful disclosure of

the caller's identity, in violation of 15 U.S.C. § 1692d(6);

23.        The use of any false, deceptive, or misleading representations

or means in connection with the collection of any debt, in

violation of 15 U.S.C. § 1692e; and

24.        The failure to disclose in subsequent communications that the

communication is from a debt collector, in violation of 15

U.S.C. § 1692e(11).

25.    As a result of Defendant's actions, Plaintiff is entitled to an award of

statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)     That Plaintiff be awarded statutory damages;

b)     That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)     That the Court declare each and every defense raised by Defendant to be insufficient; and

d)     That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,


 /s/ James M. Feagle

James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

- 5 -